# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.: 1:96 CR 009 |
| | ) | |
| PLAINTIFF, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | |
| SAMUEL L. BUOSCIO, | ) | MEMORANDUM OPINION |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon Defendant's Motion for an Order to the Bureau of Prisons for Medical Assistance requesting the Court to order the Bureau of Prisons ("BOP") to respond to Defendant's medical health needs requests, pursuant to 18 U.S.C. § 3621(b). (Docket #153).

## FACTUAL AND PROCEDURAL HISTORY

On July 11, 1997, this Court convicted and sentenced Mr. Buoscio to a term of 57-months imprisonment in federal custody to run consecutive with his State of Ohio prison sentence in Case No. 91 CR 71433. (Docket #104).

On October 8, 2019, Mr. Buoscio filed a Motion that outlined his medical conditions—including monthly surgeries and rehabilitation procedures—and requested this Court to issue an order directing the BOP to respond to his requests for assistance in transferring his medical records and equipment to the designated BOP facility upon the completion of his Ohio prison sentence and upcoming transfer to federal custody. (Docket #153).

On November 1, 2019, the United States, in response to Defendant's Motion, emphasized the preclusion for the Court to direct the BOP to house Mr. Buoscio in a particular facility. (Docket

#154). However, the United States asserted their support of the Court's issuance of an order recommending that the BOP designate Mr. Buoscio to a proper facility capable of meeting his medical needs and recommending that the BOP follow appropriate channels to coordinate with the Ohio prison authorities to transfer all of Mr. Buoscio's medical records and equipment to the BOP.

## ANALYSIS

The BOP determines the type of facility in which to house a prisoner, as well as the location and length of any term that a prisoner spends in any particular type of facility. *See* 18 U.S.C. §§ 3621(b), 3624(c). In making the determination, the BOP is required to meet the "medical health needs" of inmates. *See* 18 U.S.C. § 3621(b).

Statutes describing the BOP's responsibilities do contemplate court recommendations regarding the placement of prisoners. *See* 18 U.S.C. § 3621(b)(4)(B).[1] These recommendations are among factors that the BOP must consider in determining a prisoner's placement. *Id.* Further, Section 3621 makes clear that a sentencing court may only recommend that a defendant be imprisoned in a particular type of facility, it has no power to actually order such a placement. *See* 18 U.S.C. § 3621(b).

Recognizing that a courts recommendation is not binding on the BOP, this Court recommends, without objection, that the BOP designate Mr. Buoscio to an appropriate facility capable of meeting his medical health needs and pursue proper procedures to coordinate with Mr. Buoscio's Ohio state prison authorities in order to transfer all of his medical records and equipment to the BOP.

---

[1] While the BOP must consider any statement that the court may have made as to the "type of penal or correctional facility," when determining an inmates placement and programming at sentencing, it is unclear whether district courts have any authority to make such recommendations when acting on post-sentencing motions. *See* 18 U.S.C. § 3621(b).

## CONCLUSION

For the reasons set forth above, Defendant's Motion requesting the Court take action to ensure his medical needs are met is GRANTED IN PART. The Court has no authority to order the BOP to take the specific actions requested but does RECOMMEND that the BOP designate an appropriate facility to meet Defendant's medical needs and to coordinate with the Ohio state prison to properly transfer the relevant medical records and devices upon the BOP's designation.

IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: December 6, 2019